**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| CLYDE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:07-3044-JFA-BM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| WAL-MART CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

This action was originally filed by the Plaintiff, pro se, in the South Carolina Court of Common Pleas, Kershaw County, on August 6, 2007, asserting claims for "Gender/Racial Discrimination" against the Defendant. The Defendant thereafter removed this case to United States District Court on September 7, 2007, and filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on September 12, 2007.

As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on September 13, 2007, advising Plaintiff of the importance of a motion to dismiss and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to adequately respond, the Defendant's motion may be granted, thereby ending his case. Plaintiff thereafter submitted a document styled "Statement to Order" as his response to the Defendant's motion, which is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), D.S.C. The Defendant has filed a motion to dismiss. As this is a
(continued...)

1



**Discussion**

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Plaintiff's claim revolves around the refusal of an employee of the Defendant to refund him cash for a product (an iron) he wanted to return. Plaintiff alleges that this employee initially only offered him a refund in the form of a gift card, but that when his fiancé subsequently went back to again ask for a refund, the employee refunded cash to his fiancé. Plaintiff alleges that

---

[1](...continued)
dispositive motion, this Report and Recommendation is entered for review by the Court.

2



he is African-American,[2] and that the employee's refusal to give him a cash refund constituted race discrimination. Plaintiff also alleges that the employee's subsequent decision to give his fiancé a cash refund, when he was only offered a gift card, constituted gender discrimination. See generally, Complaint (with Attachment).

Plaintiff does not identify under what theory he is seeking recovery in this case. The Court agrees with the Defendant that Plaintiff cannot maintain his claims under Title VII of the Civil Rights Act of 1964, because that statute applies only to employees or prospective employees of a defendant.  42 U.S.C. § 2000e-2; King v. Seaboard Coastline RR Co., 538 F.2d 581, 583 (4th Cir. 1976).  Similarly, as the Defendant is a private corporation and not a public entity, Plaintiff may not pursue his claims under 42 U.S.C. § 1983, which applies only to state actors.  Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Section 1983 also does not impose liability for violations of duties of care arising under a state's tort law. DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 200-203 (1989). While Plaintiff could possibly proceed in this Court with a state law claim under this Court's diversity jurisdiction; see 28 U.S.C. § 1332; no state law claim is identified in Plaintiff's allegations.

Under the facts alleged Plaintiff may possibly be able to maintain his race discrimination claim under 42 U.S.C. § 1981.  *Cf.* Arguello v. Coneco, Inc., 330 F.3d 355, 358 (5th Cir. 2003).[3]  Assuming Plaintiff is attempting to bring his claim under § 1981, in order to succeed on this claim he must present evidence to show that he is a member of a racial minority, that the

---

[2]Although Plaintiff does not identify the race of his fiancé in his Complaint, the Defendant represents in its motion that she is also an African-American.

[3]Section 1981 does not, however, provide for a cause of action for gender discrimination. Usherenko v. Bertucci's Corp., No. 05-756, 2006 WL 3791389 at *6 (D.Conn. Dec. 20, 2006).

3



Defendant intended to discriminate against him on the basis of his race, and that the discrimination concerned one or more of the activities protected by § 1981. Buchanan v. Consolidated Stores Corp., 125 F.Supp.2d 730, 734 (D.Md. 2001), citing Hill v. Shell Oil Co., 78 F.Supp.2d 764, 776 (N.D.Ill. 1999). The activity protected by § 1981 alleged in this case is Plaintiff's ability "to make and enforce contracts" on non-discriminatory terms. 42 U.S.C. § 1981(a); see Arguello, 330 F.3d at 358.

Defendant argues that the allegations of Plaintiff's Complaint fail to set forth sufficient facts to establish a claim under § 1981, and that dismissal under Rule 12(b) is therefore appropriate. The undersigned is constrained to agree. Plaintiff alleges in his Complaint that he is an African-American[4]; hence, Plaintiff's Complaint establishes for purposes of a Rule 12 motion that he is a member of a racial minority. However, his Complaint fails to establish the other criteria for maintaining a claim under § 1981. Plaintiff makes no allegation that the Defendant's employee made any statement concerning Plaintiff's race, or that the employee or the Defendant otherwise treated any white customer differently than he was treated. Plaintiff also fails to set forth any facts to establish (or create an inference) that his race had anything whatsoever to do with his being offered a gift card instead of a cash refund. Indeed, Plaintiff does not even identify what race the Defendant's employee was. Plaintiff further alleges that when his fiancé returned to the same employee and told the employee that the Plaintiff had tried to get his money back for the iron but was offered only a gift card, the employee at that point stated that she would "override" the receipt and gave the fiancé a cash refund. Plaintiff alleges that he thereafter contacted the Defendant on numerous occasions concerning his complaint, and was told that the Defendant was sorry that this had happened. The

---

[4]At least this can be assumed, as Plaintiff alleges he asked the Defendant's employee whether her actions were taken because he is black.



only reference to or indication that race had anything to do with the transaction was made by the *Plaintiff*, as he alleges that he asked the Defendant's employee whether her offering him a gift card was "because I'm black or what?".  However, while Plaintiff is obviously upset about how the transaction at issue was handled, the undersigned can discern no inference of race discrimination deriving from these facts, even accepting the factual allegations in the pleading as true. Falzone, 776 F.Supp. at 890; Buchanan, 125 F.Supp.2d at 734 [Plaintiff must present facts sufficient to raise an inference that a defendant intended to discriminate on the basis of race]; Chiles v. Crooks, 708 F.Supp.127, 133 (D.S.C. 1989) [granting a dismissal under Rule 12, and explaining that "[i]t is settled law that in order for plaintiffs to state a claim under § 1981, they must allege some fact or facts that would support at least a reasonable inference that [defendant] discriminated against them because of their race"]. *Cf.* Johnson v. Toys "R" Us - Delaware, Inc., 95 Fed.Appx. 1, 6 (4th Cir. 2006).

Further, the allegations of Plaintiff's Complaint also fail to establish that any alleged discrimination concerned one or more of the activities protected by § 1981, since to establish a violation of § 1981 in the retail context, a plaintiff must demonstrate "the loss of an actual, not speculative or prospective, contract interest." Arguello, 330 F.3d at 358, citing Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 751-752 (5th Cir. 2001).  To establish this element of his claim, Plaintiff must have alleged that he was actually prevented, not merely deterred, from receiving the service requested after attempting to do so. Morris, 277 F.3d at 752; Arguello, 330 F.3d at 358-359. Plaintiff's allegations establish that he was not thwarted in his attempt to obtain a cash refund from the Defendant, because even though he was initially only offered a gift card, he did ultimately obtain the cash refund desired.  Therefore, he was not prevented from obtaining the service requested.

5



Arguello, 350 F.3d at 359; Morris, 277 F.3d at 752; Garrett v. Tandy Corp., 295 F.3d 94, 100-101 (1st Cir. 2002) ["[I]n order to satisfy the foundational pleading requirements for a suit under § 1981, a retail customer must allege that he was actually denied the ability to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship, by reason of a race-based animus"]. Plaintiff has failed to set forth the necessary elements for maintenance of a race discrimination claim under § 1981.

Finally, other than the possible avenues for Plaintiff to present his claims as are set forth and discussed hereinabove, no other basis on which Plaintiff can maintain these claims has been presented or argued. Plaintiff does not himself set forth a jurisdictional basis for his claim in his Complaint, nor does he identify an alternative jurisdictional basis for his claims in his "Statement to Order" filed in response to the Defendant's motion to dismiss. Therefore, as Plaintiff has failed to establish why his case should be allowed to continue, or why the Defendant's motion should not be granted, the Defendant is entitled to dismissal. *Cf.* Singh v. Wal-Mart Stores, Inc., No. 98-1613, 1999 WL 374184, at *9 (E.D.Pa. June 10, 1999).

## **Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____/s/_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

January 7, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

7

