IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Clyde Williams, | ) | C/A No.: 3:07-3044-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Walmart Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Clyde Williams, initiated this action pursuant to 42 U.S.C. § 1981 contending he was racially discriminated against by the defendant. The plaintiff contends that one of the defendant's employees refused to give him cash back for an iron that he attempted to return to Walmart, but willingly gave his fiancee cash back (instead of a gift card) when she returned the iron. This action was originally filed in the South Carolina Court of Common Pleas in Kershaw County. The defendant removed it to this court on September 7, 2007.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should grant defendant's motion to

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6).[2]  The Magistrate Judge opines that the facts alleged by plaintiff are insufficient to establish a claim under § 1981.

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.  In addition, the court is of the opinion that further oral argument would not aid in the decisional process.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on November 9, 2007.  However, the plaintiff did not file any objections[3] to the Report.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper.  Accordingly, the Report and Recommendation is incorporated herein by reference and defendant's motion to dismiss is granted and this action is dismissed with prejudice.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
February 7, 2008                                       United States District Judge
Columbia, South Carolina

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.  Plaintiff did not respond to the motion.

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).